1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **DISTRICT OF NEVADA**

7

8 ANTHONY BAILEY,                                )
                                                )
9                          Plaintiff,            )     Case No. 2:16-cv-02515-JCM-GWF
                                                )
10 vs.                                           )     **ORDER**
                                                )
11 STATE OF NEVADA, *et al.*,                    )     Application to Proceed *in Forma*
                                                )     *Pauperis* (#1) and Screening of
12                         Defendants.           )     Complaint (#1-1)
   _____)

13

14          This matter comes before the Court on Plaintiff's Application to Proceed *in Forma*

15 *Pauperis* (ECF No. 1), filed on October 28, 2016.  Also before the Court is Plaintiff's Motion for

16 Leave to File a 1983 Civil Rights Complaint (ECF No. 2), filed on October 28, 2016 and Plaintiff's

17 Motion Seeking Permission to File A Longer Than Normal Civil Tort Claim Complaint (ECF No.

18 3), filed on November 1, 2016.

19                                    **BACKGROUND**

20          Plaintiff's scattered and unclear complaint is brought pursuant to 42 U.S.C. §§ 1983 and

21 1985.  Plaintiff appears to be alleging that his First and Fourteenth Amendment rights have been

22 violated by the State of Nevada, the Justices of the Nevada Supreme Court, Judge Adair, District

23 Attorney Steven Wolfson, Attorney General Adam Paul Laxalt, Clerk of the Court Steven Grierson

24 and others for their alleged conspiracy to prevent Plaintiff from obtaining the relief he seeks in his

25 state court case(s).  Specifically, Plaintiff asserts that the Las Vegas Metropolitan Police

26 Department's forensic lab had been fabricating and falsifying evidence.  That tainted evidence was

27 then entered into the record in Plaintiff's criminal state court proceedings, which prevented

28 Plaintiff from being released from custody.  Plaintiff apparently filed a civil complaint in state court

based on this alleged conduct, but his case was dismissed. Once dismissed, Plaintiff filed writs of mandamus to the Nevada Supreme Court, which were also denied. Plaintiff now brings this case in an attempt to force the Justices of the Nevada Supreme Court as well as Judge Adair and the Clerk of the Court, Steven Grierson, to enter rulings in his favor in his state court proceedings.

## DISCUSSION

### I.      Application to Proceed *in Forma Pauperis*

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

### II.      Screening the Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th

Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.    Instant Complaint

#### A.    Plaintiff's § 1983 Claim

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). In order to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

##### 1.    State of Nevada

States are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Jackson v. Barnes*, 749 F.3d 755, 764 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 980 (2015). Therefore, § 1983 claims against states are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d

1122, 1130 (9th Cir. 2000) (en banc).  As a result, the Court recommends dismissal of Plaintiff's

claims against the State of Nevada.

### 2.    Judicial Immunity

The United States Supreme Court has repeatedly held that judges and those performing

quasi-judicial functions are absolutely immune from damages for acts performed within their

judicial capacities.  *See, e.g.*, *Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982);  *see also Miller v.*

*Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008);  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.

1986) (en banc) (stating that "[j]udges . . . are absolutely immune from damage liability for acts

performed in their official capacities"); *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("A

seemingly impregnable fortress in American Jurisprudence is the absolute immunity of judges from

civil liability for acts done by them within their judicial jurisdiction.").  "Courts have extended

absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also

to officers whose functions bear a close association to the judicial process." *Demoran v. Witt*, 781

F.2d 155, 156 (9th Cir. 1986). "Judges and those performing judge-like functions are absolutely

immune from damage liability for acts performed in their official capacities." *Ashelman*, 793 F.2d

at 1075; *Miller*, 521 F.3d at 1145; *Partington v. Gedan*, 961 F.2d 852, 860 n.8 (9th Cir. 1992).

Plaintiff asserts claims against the Justices of the Nevada Supreme Court and Judge Adair

for conduct undertaken in their official judicial capacities.  The Justices of the Nevada Supreme

Court and Judge Adair are therefore entitled to judicial immunity from Plaintiff's § 1983 claims.

As a result, the Court recommends dismissal of Plaintiff's claims against the Justices of the Nevada

Supreme Court and Judge Adair with prejudice for failure to state a claim upon which relief can be

granted.

### 3.    Prosecutors and Government Attorneys

State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their

official capacity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009); *Kalina v. Fletcher*,

522 U.S. 118, 123-25 (1997).  "[T]he functional nature of the activities being performed, not the

status of the person performing them, is the key to whether absolute immunity attaches." *Stapley v.*

*Pestalozzi,* 733 F.3d 804, 810 (9th Cir. 2013).  As such, prosecutorial immunity does not extend to

4

those actions of a prosecutor which are "administrative" or "investigative" in nature. *See Van de Kamp*, 555 U.S. at 342-43 (explaining that prosecutorial immunity does not apply, for example, when prosecutor gives advice to police during a criminal investigation, makes statements to the press, or acts as a complaining witness in support of a warrant application). Government civil attorneys are also entitled to absolute prosecutorial immunity. *See Fry v. Melaragno*, 939 F.2d 832, 837–38 (9th Cir. 1991).

Plaintiff attempts to sue the following prosecutors and government civil attorneys for violating his constitutional rights under the First and Fourteenth Amendments: 1) Clark County District Attorney Steven Wolfson for allowing one of his deputies to file allegedly false or fabricated DNA reports; 2) Adam Paul Laxalt and his deputy attorney general Thomas Groves for failing to prosecute Plaintiff's claims that local government employees were fabricating evidence and filing that evidence in his case; and 3) Deputy District Attorney Laura Rehfeldt and North Las Vegas City Attorney Bethany Sanchez for having ex parte communications with the judge. All of Plaintiff's allegations against these attorneys relate to functions intimately associated with the judicial phase of the criminal process. Therefore, Plaintiffs claims against District Attorney Steven Wolfson, Attorney General Adam Laxalt, Deputy Attorney General Thomas Groves, Deputy District Attorney Laura Rehfeldt and North Las Vegas City Attorney Bethany Sanchez must be dismissed on the grounds of prosecutorial immunity and the Court will recommend as such.

### 4. Court Clerks

Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *See Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir.1979) (§ 1983 case), *cert. denied*, 445 U.S. 962, 100 S.Ct. 1648, 64 L.Ed.2d 237 (1980); *Shipp v. Todd*, 568 F.2d 133, 134 (9th Cir.1978) (same); *Stewart v. Minnick*, 409 F.2d 826 (9th Cir.1969) (same). *Cf. Sharma v. Stevas*, 790 F.2d 1486 (9th Cir.1986) (Clerk of United States Supreme Court had absolute quasi-judicial immunity under Federal Tort Claims Act because his acts were an integral part of the judicial process). Plaintiff alleges that Steven Grierson, the Clerk of Court for the Eighth Judicial District Court, violated his Fourteenth Amendment right for refusing to enter a default judgment in Plaintiff's state court proceedings.

5

The Clerk of the Court's refusal to enter a default judgment was a task that can be characterized as an integral part of the judicial process. Therefore, Steven Grierson has absolute quasi-judicial immunity from Plaintiff's claims. As a result, the Court will recommend dismissal of Plaintiff's claims against Steven Grierson for failure to state a claim upon which relief may be granted.

### 5. Private Conduct

Section 1983 does not reach private conduct, regardless of how discriminatory or wrongful it may be. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999). Even involving cases where there is extensive state funding and regulation of a private activity, "the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350 (1974); *see also Rendell-Baker,* 457 U.S. 830 at 842-43; *Morse v. North Coast Opportunities,* 118 F.3 1338, 1340-41 (9th Cir. 1997). Only where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity" will the Court allow a defendant to be subjected to a §1983 claim. *Id.* A "close nexus" exists only where the State has "exercised coercive power or has provided such significant encouragement." *Id.*, *see also Flag Bros. Inc. v. Brooks,* 436 U.S. 149, 156 (1978). The Ninth Circuit has established a two part test to establish whether or not an alleged infringement of federal rights is fairly attributable to the government: "1) the deprivation must result from a government policy, and 2) the party charged with the deprivation must be a person who may fairly be said to be a government actor." *Sutton v. Providence St. Joseph Med. Center,* 192 F.3d 826, 835 (9th Cir. 1999).

Here, Plaintiff brings claims against Whitney Welch, a private attorney, but fails to establish the basic elements needed to successfully posit a claim under § 1983. First, Plaintiff fails to state that Defendant Welch's actions were the result of a government policy. In addition, for purposes of § 1983, Defendant is a private actor and is not deemed a government official acting under the color of state law and Plaintiff has not argued otherwise. As a result, Plaintiff has not alleged that his constitutional rights were violated by a person acting under the color of state law and has therefore failed to state a claim upon which relief may be granted under § 1983. However, the Court cannot state with certainty that Plaintiff could never state a proper claim against Defendant Welch.

Therefore, Plaintiff's complaint will be dismissed with leave to amend as to Defendant Welch.

### 6. State Officials

State officials sued in their official capacity for damages are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Official-capacity suits filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer. *See Hafer*, 502 U.S. at 25; *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). However, state officials sued in their personal capacity are persons for § 1983 purposes. *Hafer*, 502 U.S. at 31. Liability in a personal-capacity suit can be demonstrated by showing that the official caused the alleged constitutional injury. *See Graham,* 473 U.S. at 166.

Here, Plaintiff seeks to sue Nancy Katafia, the state tort claims manager for allegedly circumventing the issues raised in Plaintiff's state court complaint. Because Defendant Katafia is a state official, Plaintiff's official-capacity claims are barred because she is not a "person" for purposes of § 1983. Plaintiff has also failed to set forth sufficient facts to establish that Defendant Katafia violated his constitutional rights so that she may be liable in her personal capacity. Therefore, the Court will recommend dismissal of Plaintiff's official-capacity claims against Defendant Katafia for failure to state a claim upon which relief may be granted. The Court will also dismiss Plaintiff's personal-capacity claims against Defendant Katafia, with leave to amend.

### B. *Rooker-Feldman* Doctrine

Notwithstanding the foregoing analysis, the Court finds that Plaintiff's complaint may be barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine prevents federal district courts from considering claims that amount to a review of the state court's ruling. The *Rooker–Feldman* doctrine stems from two cases recognizing that under Article III of the Constitution Congress controls the jurisdiction of the "inferior Courts" it creates. See U.S. Const. art. III, § 1. In both of those cases, parties who had lost in state court attempted to invoke the jurisdiction of the United States District Court to appeal the state-court rulings. In both cases, the federal statutes applicable at the respective times did not give the United States District Court appellate jurisdiction over the respective controversies. *See D.C.*

*Ct.App. v. Feldman*, 460 U.S. 462, 476–79 (1983) (holding that denial of admission to practice law was a judicial matter, not an administrative one, making any federal jurisdiction appellate, not original, and therefore the avenue for review of a ruling of the D.C. Court of Appeals was not to the United States District Court, but to the United States Supreme Court); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923) (holding that under the statutes in place at the time, an appeal from the Indiana Supreme Court could be taken only to the United States Supreme Court, not to the United States District Court, because the jurisdiction of the latter court was strictly original).

Essentially, the doctrine bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" from asking district courts to review and reject those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005). Absent express statutory authorization, only the Supreme Court has jurisdiction to reverse or modify a state court judgment. *See Henrichs v. Valley View Development*, 474 F.3d 609, 614 (9th Cir.2007). The clearest case for dismissal based on the *Rooker–Feldman* doctrine occurs when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision...." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir.2003).

Here, Plaintiff's complaint centers around several decisions and rulings made in his Eighth Judicial District Court case as well as the Nevada Supreme Court's denial of Plaintiff's writs of mandamus. Specifically, Plaintiff wants this Court to order the Justices of the Nevada Supreme Court to grant his writs of mandamus and order Steven Grierson and Judge Adair to enter default judgment in his case. The Court cannot provide Plaintiff with the relief he seeks because it amounts to an appellate review of the state court proceedings and that is prohibited by the *Rooker-Feldman* doctrine.

If Plaintiff chooses to file an amended complaint, Plaintiff must demonstrate that the alleged constitutional violations committed by Defendants Welch and Katafia were committed separate and apart from the unfavorable rulings Plaintiff received in his state court case(s).

**IV.    Motion for Leave to File Complaint (ECF No. 2)**

Plaintiff's motion appears to be a reiteration of the claims found in his complaint, which is

8

attached to Plaintiff's application to proceed *in forma pauperis*. Therefore, the Court will deny Plaintiff's motion because it is duplicative and does not provide the Court good cause for why it is necessary.

## V.     Motion to File a Longer Than Normal Complaint (ECF No. 3)

Rule 8(a)(2) of the Federal Rules of Civil Procedure  provides that a complaint must provide a short and plain statement of the facts and it is proper for courts to dismiss a complaint if the factual elements supporting a cause of action are scattered throughout the complaint and not organized into a short and plain statement. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Moreover, Plaintiff's motion fails to establish good cause for why he needs to file a longer than normal complaint. Therefore, the Court will deny Plaintiff's motion.

## VI.    Amendment

 If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action

to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #36912), in the months that the account exceeds $10.00, until the full $400 (which includes the $350 filing fee and $50 administrative fee) filing fees have been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a 1983 Civil Rights Complaint (ECF No. 2) and Plaintiff's Motion Seeking Permission to File A Longer Than Normal Civil Tort Claim Complaint (ECF No. 3) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **October 2, 2017** to file an amended complaint against Defendants Welch and Katafia, which corrects the noted deficiencies.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's complaint against the State of Nevada, the Justices of the Nevada Supreme Court, Judge Valerie Adair, Steven Wolfson, Adam Paul Laxalt, Thomas Groves, Laura Rehfeldt, Bethany Sanchez, and Nancy Katafia in her official-capacity be **dismissed** with prejudice for failure to state a claim upon which relief may be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly

address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 30th day of August, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge