UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANTHONY BAILEY,

Plaintiff(s),

v.

STATE OF NEVADA, et al.,

Defendant(s).

Case No. 2:16-CV-2515 JCM (EJY)

ORDER

Presently before the court is the matter of *Bailey v. State of Nevada et al.*, case number 2:16-cv-02515-JCM-EJY.

## I. Background

The instant action arises from alleged violations of pro se plaintiff Anthony Bailey's ("plaintiff") civil rights. Plaintiff complains that his First and Fourteenth Amendment rights have been violated because the Las Vegas Metropolitan Police Department ("LVMPD") has been allegedly fabricating and falsifying evidence, and state court officials have declined to enter default judgment against LVMPD in plaintiff's state court proceedings.

Magistrate Judge Foley issued a report and recommendation ("R&R") on August 30, 2017, which the court adopted on April 12, 2018, over plaintiff's objection. (ECF Nos. 5; 10; 12). The court gave plaintiff leave to amend his claims against defendants Whitney Welch and Nancy Katafia, and plaintiff filed an amended complaint on November 17, 2017. (ECF No. 11).

## II. Legal Standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss

**James C. Mahan**
**U.S. District Judge**

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to those grounds for dismissal, the PLRA requires a federal court to dismiss a prisoner's claims "if the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when plaintiff's complaint

alleges facts that allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

All or part of a complaint filed by a prisoner may be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g. claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g. fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. Discussion

First, the court acknowledges that petitioner filed this action pro se. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted)). But "[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta v. Cal.*, 422 U.S. 806, 834 (1975); *see also United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984) ("A pro se defendant is subject to the same rules of procedure and evidence as defendants who are represented by counsel."). Indeed, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

The court adopted Magistrate Judge Foley's R&R, which explained why the doctrines of judicial immunity, prosecutorial immunity, and quasi-judicial immunity precluded many of plaintiff's claims. (*See* ECF No. 5). The R&R also provided plaintiff with the blueprint for

**James C. Mahan**
**U.S. District Judge**

- 3 -

amending his possibly-viable claims. As it pertains to defendant Welch, Magistrate Judge Foley explained:

> First, [p]laintiff fails to state that [d]efendant Welch's actions were the result of a government policy. In addition, for purposes of § 1983, [d]efendant is a private actor and is not deemed a government official acting under the color of state law and [p]laintiff has not argued otherwise. As a result, [p]laintiff has not alleged that his constitutional rights were violated by a person acting under the color of state law and has therefore failed to state a claim upon which relief may be granted under § 1983. However, the [c]ourt cannot state with certainty that [p]laintiff could never state a proper claim against [d]efendant Welch.

*Id.* at 6. Next, regarding defendant Katafia, Magistrate Judge Foley's R&R stated as follows:

> Here, [p]laintiff seeks to sue Nancy Katafia, the state tort claims manager for allegedly circumventing the issues raised in [p]laintiff's state court complaint. Because [d]efendant Katafia is a state official, [p]laintiff's official-capacity claims are barred because she is not a "person" for purposes of § 1983. Plaintiff has also failed to set forth sufficient facts to establish that [d]efendant Katafia violated his constitutional rights so that she may be liable in her personal capacity. Therefore, the [c]ourt will recommend dismissal of [p]laintiff's official-capacity claims against [d]efendant Katafia for failure to state a claim upon which relief may be granted.

*Id.* at 7. Magistrate Judge Foley also admonished plaintiff to "demonstrate that the alleged constitutional violations committed by Defendants Welch and Katafia were committed separate and apart from the unfavorable rulings Plaintiff received in his state court case(s)" in order to avoid having his case barred under the *Rooker-Feldman* doctrine. *Id.* at 7–8.

With one unavailing exception, plaintiff failed to address the deficiencies in his complaint. Plaintiff's amended complaint does not allege that Welch was acting under state law, nor does it assert a claim against Welch as a private citizen. (*See* ECF No. 11). Plaintiff's amended complaint also fails to allege why Katafia can be held liable in her personal capacity. *Id.* Instead, plaintiff continues to take issue with the disposition of his state court action(s) and the inaction of certain state officials regarding his allegations of misconduct by the LVMPD.

Plaintiff's amended complaint is dismissed for failure to state a claim.

The only attempt plaintiff made to address the deficiencies in his original complaint was his decision to include the following note in his amended complaint:

James C. Mahan
U.S. District Judge

- 4 -

> Note: This litigation is based upon the State of Nevada, Attorney General's Office fact-findings, <u>not</u> the decisions of the state court, although the [d]efendant Welch's conduct stems from the sworn facts contained in paragraphs 1 through 9 stated up and above.

(ECF No. 11 at 4(b)[1]). Yet, contrary to plaintiff's "note," his prayer for relief asks this court to order the State of Nevada "by way of its subsidiary municipal corporations (courts and/or Attorney General's Office and/or its independent hired attorneys" to "declare default judgment against LVMPD sheriff, its forensic lab, and its subordinates . . . in the amount of $10,000,000.00 dollars U.S. currency."[2] *Id.* at 9.

Plaintiff's amended complaint once again runs afoul of the *Rooker-Feldman* doctrine, which bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" from asking district courts to review and reject those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005). Absent express statutory authorization, only the Supreme Court has jurisdiction to reverse or modify a state court judgment. *See Henrichs v. Valley View Development*, 474 F.3d 609, 614 (9th Cir. 2007).

The *Rooker-Feldman* doctrine bars plaintiff's complaint entirely. Plaintiff was given an opportunity to show the court that his claim did not amount to a collateral review of a state court decision. Instead, plaintiff reaffirmed the fact that his complaint stems solely from the state court's refusal to enter default judgment against LVMPD. As a result, plaintiff's complaint is dismissed with prejudice.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's complaint against defendants Welch and Katafia be, and the same hereby is, DISMISSED with prejudice.

---

[1] For the sake of clarity, the will use plaintiff's page numbering system when referring to his amended complaint.

[2] The court also notes that plaintiff attempted to circumvent Eleventh Amendment sovereign immunity by characterizing his requested relief as injunctive relief despite his prayer for $10 million.

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    The clerk is instructed to enter judgment and close the case accordingly.

2    DATED November 19, 2019,

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**